| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2020
David J. Bradley, Clerk

Paymentech, LLC, et al., §
　　　　　　　　　　　　§
　　　　Plaintiffs, §
　　　　　　　　　　　　§
versus　　　　　　　　　§　　Civil Action H-18-1622
　　　　　　　　　　　　§
Landry's Inc., §
　　　　　　　　　　　　§
　　　　Defendant. §

## Opinion on Summary Judgment

1. *Background.*

   JPMorgan Chase Bank, N.A., through its company Paymentech, LLC, agreed to process the credit card payments made at the properties of Landry's Inc. In December 2015, Landry's disclosed that data had been stolen from its credit card machines.

   Visa and Mastercard – the payment brands – hired an independent company to investigate the security breach. Based on the results of this investigation, the payment brands assessed the cost of the breach to JPMorgan.

   After appealing both assessments, JPMorgan paid about $20 million to Visa and Mastercard. Under their agreement, JPMorgan asked Landry's to indemnify it for the assessment. Landry's refused. JPMorgan sued Landry's for breaching its contract, and Landry's moved for summary judgment

2. *Standing.*

   JPMorgan says that Landry's does not have standing to challenge the assessment by the payment brands because Landry's is not a party to the contract between JPMorgan and the payment brands; thus, it has no right to complain about the assessment process retrospectively.

While Landry's has no privity with the payment brands, it does have a secondary interest in ensuring that the assessments are reasonably related to the actual losses. If the payments were punitive or unrelated to the harm, Landry's might not have to bear them.

3. *Assessments.*

Landry's argues that the assessments are unenforceable penalties. It asserts that because the assessments are derived by a formula, they do not reasonably approximate the real loss.

Acquiring banks and payment brands have created a system in which the risk of issuing credit cards and accepting them as payment is assigned by contract. The contracts create a protocol for efficiently assessing the damage caused by a security breach.

The assessments are designed to compensate partially the banks that issue the payment brands' credit cards, and in turn, their customers, for (a) the costs of replacing compromised cards, (b) increased account monitoring, and (c) refunding the stolen amounts that resulted from the breach. Under this system, a consumer whose credit card is stolen can dispute a fraudulent charge and their bank will credit their account for the fraud and send a new card. To offer this relief to the consumer, banks, the payment brands, and establishments that accept payment through credit cards, agree to follow rules that oblige them to maintain security measures.

In this case, the payment brands assessed JPMorgan about $20 million. That amount reflects the losses to the consumers, their issuing banks, and the payment brands from the security breach. It is not a stipulated punishment or a self-interested, unilateral formula. It is an analysis of the cause of the reported fraud and the costs reasonably associated from that fraud. The exact amount

stolen would be difficult, if not impossible, to prove; the formula used by the payment brands need not be exact as long as it is a reasonably accurate estimate of the loss.

The assessments are related to the actual harm because they compensate, as accurately as possible, the loss from the security breach.

4. Conclusion.

The motion for summary judgment by Landry's Inc. will be denied.

Signed on February 10, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge