UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
May 10, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Paymentech, LLC, et al., | § |
|     Plaintiffs, | § |
| versus | §    Civil Action H-18-1622 |
| Landry's Inc., | § |
|     Defendant. | § |

## Opinion on Partial Summary Judgment

1. *Background.*

JPMorgan Chase Bank, N.A., through its company Paymentech, LLC, agreed to process the credit card payments at properties owned by Landry's Inc. In December 2015, Landry's announced that data had been stolen from its credit card machines.

Visa and Mastercard — the payment brands — required Landry's to hire an independent company to investigate the data breach. In its report, Mandiant Solutions said that Landry's had not required two-factor authentication on its remote access software, which violated the brands' security guidelines and contributed to the breach. The attackers entered the network using this software, harvested credentials, and used them to access cardholder information. Names, expiration dates, and card verification values were exposed, but Mandiant did not find evidence that the attackers transferred them out of the network.

Chase paid about $20 million of assessments to Visa and Mastercard. Under their agreement, Chase asked Landry's to indemnify it for the assessments. Landry's refused. JPMorgan sued Landry's and has moved for partial summary judgment on its breach of contract claim.

2. *Admissibility.*

Chase included the Mandiant report in its motion for partial summary judgment. Landry's argues that it is not competent summary judgment evidence because Chase did not designate Mandiant as an expert and the report cannot be presented in an admissible form.

Chase does not use the Mandiant report as an expert opinion; instead, it is parallel to an auditor's report. It has been settled that Landry's violated the brands' security guidelines: Landry's agreed to comply with their rules, including their security guidelines and fraud programs. Under these rules, Landry's hired an independent company to investigate the breach. It hired Mandiant, and it determined that two-factor authentication was not required on its remote access software. Chase appealed the assessments, and Visa and Mastercard denied the appeal.

The Mandiant report shows that Landry's violated the brands' security guidelines, triggering its obligation to indemnify Chase for the assessments. Because its merits are beyond the scope of this case, the Mandiant report is competent summary judgment evidence.

3. *The reports.*

Landry's argues that there is a fact issue about whether Landry's violated the brands' security guidelines. Six months before the first intrusion, IBM Independent Security Services concluded that Landry's met the brands' security guidelines. Landry's says this shows that there is at least a disagreement between two different assessors and investigators.

The merits of the IBM and Mandiant reports are not at issue. The reports might disagree, but Landry's agreed to hire Mandiant and comply with its investigation and determination. Mandiant determined that Landry's violated brands' security guidelines, and Visa and Mastercard used this determination to evaluate and issue their assessments. IBM's report is

irrelevant to the agreement between Chase and Landry's, and it does not show that there is a disagreement about whether Landry's must indemnify Chase for the assessments.

4.  *Breach of contract.*

Landry's argues that it did not breach its agreement with Chase because the Visa and Mastercard rules distinguish between actual and potential data compromises. Because no evidence indicates that the attackers used the cardholder information, Landry's says it did not breach the agreement and it is not obligated to indemnify Chase for the assessments.

Under their contract, Landry's agreed to indemnify Chase if its failure to comply with the brands' security guidelines, or the compromise of any payment instrument, results in assessments, fines, and penalties by the payment brands. Actual data compromise is sufficient – but not necessary – to trigger the indemnification obligation. Chase has shown that Landry's violated the brands' security guidelines, which contributed to the data breach; it does not also need to show that the attackers used the payment information.

Chase has shown that there is no genuine dispute about whether Landry's breached their contract. Not only did Landry's violate the brands' security guidelines, it also refused to indemnify Chase for the assessments it paid Visa and Mastercard.

3. *Conclusion.*

Because Landry's breached their contract, Chase will be reimbursed for the assessments it paid Visa and Mastercard.

Signed on May 7, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge